UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JIM FARLEY (1),<br><br>　　　　　　　　　　Defendant. | Case No.: 17-cr-03511-H-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)**<br><br>[Doc. Nos. 35, 50.] |

    On February 14, 2023, Defendant Jim Farley, represented by retained attorney George Gedulin, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 35.) On March 20, 2023, the Government filed a response in opposition to Defendant's initial motion for compassionate release. (Doc. No. 37.)

    On August 29, 2023, the Court granted Mr. Gedulin's request to be removed as counsel of record for Defendant, and the Court reappointed Federal Defenders to represent Defendant. (Doc. No. 43.) On October 19, 2023, Defendant, represented by Federal Defenders, filed a supplemental motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 50.) On November 1, 2023, the Government filed a response in opposition to Defendant's supplemental motion for compassionate release. (Doc. No.

52.) On November 9, 2023, Defendant filed a reply brief. (Doc. No. 53.) For the reasons set forth below, the Court grants Defendant's motion for compassionate release.

## Background

On October 25, 2017, the Government filed an indictment charging Defendant with one count of conspiracy to distribute a controlled substance (methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1) and 846 and two counts of distribution of a controlled substance (methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1). (Doc. No. 1.) On February 6, 2018, Defendant, pursuant to a plea agreement, pled guilty before the Magistrate Judge to the one count of distribution of a controlled substance (methamphetamine) charged in count 3 of the indictment. (Doc. Nos. 19, 21, 22.) On February 7, 2018, the Magistrate Judge issued her findings and recommendation, finding that Defendant's plea of guilty was made knowingly and voluntarily; Defendant was competent to enter a plea; and there was a factual basis for Defendant's plea, and recommending that this Court accept Defendant's guilty plea. (Doc. No. 20). On February 21, 2018, this Court adopted the findings and recommendation of the Magistrate Judge and accepted the Defendant's guilty plea to count 3 of the indictment. (Doc. No. 23.)

On May 14, 2018, the Court sentenced Defendant to a custodial term of 120 months (10 years) followed by five years of supervised release. (Doc. Nos 28, 30.) The Court entered a judgment on May 14, 2018.[1] (Doc. No. 30.) By the present motions, Defendant moves pursuant to 18 U.S.C. § 3582(c)(1)(A) to reduce his sentence of imprisonment. (Doc. Nos. 35, 50.)

## Discussion

**I.   Legal Standards**

"'A federal court generally "may not modify a term of imprisonment once it has been imposed."'" United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quoting

---

[1] The Court dismissed counts 1 and 2 of the indictment pursuant to the Government's oral motion. (Doc. Nos. 28, 30.)

Dillon v. United States, 560 U.S. 817, 819 (2010), and 18 U.S.C. § 3582(c)); accord United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir. 2011); see also United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is the compassionate release provision set forth in 18 U.S.C. § 3582(c)(1)(A). See Aruda, 993 F.3d at 799; United States v. Wright, 46 F.4th 938, 944 (9th Cir. 2022).

Section 3582(c)(1)(A) provides:

> (c) **Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A); accord Aruda, 993 F.3d at 799–800.

When, as here, a defendant moves for compassionate release under § 3582(c)(1)(A)(i), a district court "may reduce his term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent

with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." United States v. Chen, 48 F.4th 1092, 1094–95 (9th Cir. 2022); see Wright, 46 F.4th at 945. "Although a district court must conclude that a defendant satisfies all [these] predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." Wright, 46 F.4th at 945 (citing Keller, 2 F.4th at 1284).

The Ninth Circuit has explained that because "compassionate release derogates from the principle of finality, it is a 'narrow' remedy." Id. at 944 (citing Freeman v. United States, 564 U.S. 522, 526 (2011)). Further, a district court's "disposition of a compassionate release motion 'is discretionary, not mandatory.'" Id. at 945 (quoting United States v. Jones, 980 F.3d 1098, 1106 (6th Cir. 2020)). In addition, "[a]s the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction." United States v. Grummer, 519 F. Supp. 3d 760, 762 (S.D. Cal. 2021) (citing United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016)); see, e.g., Wright, 46 F.4th at 951 ("it was [defendant]'s burden to establish his eligibility for compassionate release").

## II. Analysis

### A. Exhaustion

A court may not modify a term of imprisonment under Section 3582(c)(1)(A), "unless the defendant has fully complied with the exhaustion requirement" set forth in that provision. Keller, 2 F.4th at 1282 ("§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked."). Under that exhaustion requirement, "a court may not consider a motion brought under § 3582(c)(1)(A) unless (1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and either (a) the inmate has 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf,' or (b) 30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate." Id. at 1281 (quoting 18 U.S.C. § 3582(c)(1)(A)).

In its opposition briefs, the Government concedes: "Defendant met the statutory exhaustion requirement because he filed this motion after 'the lapse of 30 days' from the date of his request to the warden and the warden denied his request." (Doc. No. 37 at 5 n.1; Doc. No. 52 at 6 n.2.) As such, the Court concludes that Defendant has complied with the exhaustion requirement in § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Congress provided no statutory definition of "extraordinary and compelling reasons" in § 3582(c)(1)(A). Aruda, 993 F.3d at 800. "Instead, Congress stated that the Sentencing Commission, 'in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" Id. (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission's policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" can be found at U.S.S.G. § 1B1.13. Id. Section 1B1.13(b) provides:

> (b) Extraordinary and Compelling Reasons.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> (1) Medical Circumstances of the Defendant.--
>
>> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (B) The defendant is--
>>
>>> (i) suffering from a serious physical or medical condition,
>>>
>>> (ii) suffering from a serious functional or cognitive impairment, or
>>>
>>> (iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances--

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

(2) Age of the Defendant.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) Family Circumstances of the Defendant.--

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any

other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) Victim of Abuse.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

(A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or

(B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

(5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

The Ninth Circuit has held that that because "the [former] version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant," "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Aruda, 993 F.3d at 802; accord United States v. Roper, 72 F.4th 1097, 1101 (9th Cir. 2023); see also United States v. Wooten, No. 21-50126, 2021 WL 6116632, at *1 (9th Cir. Dec. 27, 2021) ("U.S.S.G. § 1B1.13 'remains helpful guidance even when motions are filed by defendants'" (quoting United States v. McCoy, 981 F.3d 271, 282 n.7 (4th Cir. 2020))). However, U.S.S.G. § 1B1.13 was amended on November 1, 2023 to reflect that a defendant is authorized to file a motion under 18 U.S.C. § 3582(a)(1)(A), meaning that the policy statement is now applicable to both defendant-filed and BOP-filed motions. See U.S.S.G. § 1B1.13(a) ("Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), . . . ."); see also Roper, 72 F.4th at 1101 n.2 (noting that the new amendments "address[] defendant-filed motions").

In support of his motion for compassionate release, Defendant argues "extraordinary and compelling reasons" exist due to his colon cancer diagnosis. (See Doc. No. 35 at 5; Doc. No. 50 at 22-24.) U.S.S.G. § 1B1.13(b)(1)(B) defines an extraordinary and compelling reason as the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(C) also defines an extraordinary and compelling reason as "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."

In October 2022, Defendant began experiencing severe abdominal pain at FCI Phoenix. (Doc. No. 50 at 23; see Doc. No. 39, Ex. 1 at pp. 30-31.) Defendant was then sent to an outside hospital where he was told that he had a cancerous tumor on his bowel (carcinoid tumor cancer). (Id.) Defendant was hospitalized for three weeks until medical

professionals obtained his biopsy results.  (Id.)  Medical professionals performed surgery on Defendant on October 27, 2022 to remove the tumor before transferring him back to prison.  (Id.)  Defendant's discharge notes stated that he should follow-up with oncology as an outpatient.  (See Doc. No. 39, Ex. 1 at p. 31.)

Defendant was seen by an oncologist and other medical professionals in January 2023.  (Doc. No. 50 at 23; see Doc. No. 39, Ex. 1 at pp. 23-27.)  Defendant was told that he would need to get lab work, urine work, blood work, and a PET scan done within two weeks of the January 2023 appointment and to receive a follow-up oncology appointment shortly thereafter.  (See Doc. No. 50 at 23; Doc. No. 39, Ex. 1 at pp. 11, 26-27.)  A doctor also ordered a screening colonoscopy for Defendant.  (See Doc. No. 50 at 23; Doc. No. 39, Ex. 1 at pp. 23-24.)

After reviewing the parties' briefing and all of Defendant's medical records, the Court agrees with Defendant that his diagnosis with carcinoid tumor cancer combined with the follow-up medical treatment he requires presents an "extraordinary and compelling" reason to reduce his sentence.  (See Doc. No. 50 at 23-24; Doc. No. 53 at 19-20; Doc. No. 39, Ex. 1 at pp. 10-11, 23-27; Doc. No. 56, Ex. J at pp. 30-31.)  In sum, Defendant has demonstrated that an extraordinary and compelling reason warrants a sentence reduction in his case.[2]

///

///

---

[2]   In his supplemental motion, Defendant also asserts that extraordinary and compelling reasons are present in his case because: (1) the usual length of his sentence owing to the disparity between his sentence and the sentence he would have received today due to the First Step Act and the Ninth Circuit's decision in United States v. Lopez, 998 F.3d 431 (9th Cir. 2021); (2) his ongoing risk for severe symptoms of COVID-19 because of his hypertension and prior cancer diagnosis; and (3) the unusually harsh conditions of confinement he has endured as a result of the COVID-19 global pandemic, alongside his recurring medical issues.  (Doc. No. 50 at 7, 9-22.)  Because the Court finds that extraordinary and compelling reasons are present in Defendant's case for the reasons stated above, the Court declines to address these additional bases presented by Defendant.

C. § 3553(a) Factors

In considering a motion for compassionate release, a district court "must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted 'under the particular circumstances of the case.'" Wright, 46 F.4th at 945. The § 3553(a) factors "include, among other things: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants." Id. at n.4 (citing 18 U.S.C. § 3553(a)).

Beginning with the nature and circumstances of the offense, while Defendant's offense involved a serious drug-related crime, it did not involve violence. See United States v. Ortiz, No. 17CR2283-MMA-1, 2023 WL 2229262, at *9 (S.D. Cal. Feb. 24, 2023) (noting that the drug offense "did not involve violence" when weighing the § 3553(a) factors). Additionally, Defendant has served over 64 months of the custodial term imposed in this case – a substantial amount of time that reflects the seriousness of the offense and the need to deter crime and protect the public. See id. ("As to the need for the 120-month sentence, the record is clear that the sentence imposed was greater than necessary to adequately punish and deter Defendant from future misconduct. This district recognizes post-Lopez that 60 months in custody is sufficient but not greater than necessary for this crime and Criminal History Category.").

Further, while Defendant has a prior criminal record, his significant rehabilitation while in custody weighs in his favor. (See Doc. No. 50 at 4, 17-18 (detailing Defendant's participation in various rehabilitation programs); Doc. No. 51-1, Exs. E, F.) See United States v. Alvarado, 569 F. Supp. 3d 1039, 1041 (S.D. Cal. 2021) (finding "significant" that defendant "has seized opportunities to rehabilitate himself by pursuing educational and behavioral classes offered by the Bureau of Prisons"). Indeed, the Government states that

Defendant's progress towards sobriety in prison should be "commended." (Doc. No. 52 at 13.) Finally, Defendant has a mostly clean disciplinary history with Defendant having only incurred a minor infraction several years ago in January 2018. (Doc. No. 50 at 4; Doc. No. 51-1, Ex. D.)  In sum, after considering all of the § 3553(a) factors, the Court concludes that they weigh in favor of granting Defendant's requested reduction in sentence.

## Conclusion

In sum, after considering Defendant's briefing and applying the relevant law and legal standards, and based on the current record, the Court grants Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The Court reduces Defendant's custodial sentence to a total term of time served.

All previously imposed terms and conditions of supervised release remain in full force and effect.  In addition, the Court provides notice to Defendant and attaches the standard conditions of supervised release from Defendant's May 14, 2018 judgment as an exhibit to this order.  Any objections to these standard conditions of supervised release must be filed **within fourteen (14) days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: November 27, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT